TATE, Justice,
dissenting.
The witness at this trial identified the accused as the robber. The accused was prevented from questioning this witness as to her prior contrary testimony at an earlier trial, which had instead identified the defendant’s companion as the gunman.
Our majority does not reach the issue, reserving it for post-conviction treatment, on the ground that the record before us does not show a contemporaneous objection.
However, the record before us very plainly shows that the trial court summoned both counsel for a bench conference when the defendant’s counsel sought to question the witness as to her prior testimony. Unfortunately, this bench conference was not transcribed (although it should have been, with the jury retired for the discussion). However, the subsequent cross-examination of the witness by the defense counsel seems to bear out his complaint that he was instructed by the trial judge to desist from this line of questioning. (In fairness to the trial judge, it should be noted that his ruling was made in an effort to protect the accused from possibly prejudiced testimony as to an earlier trial.)
In brief before this court, the state out of commendable fairness withdraws its argument that no contemporaneous objection was made.
Instead of relegating the petitioner to post-conviction remedy as to this potential serious trial error — where through no lapse of the accused the crucial bench colloquy between the judge and counsel was not transcribed — , we should remand the case to determine by hearing whether in fact the trial judge made the erroneous ruling over the defendant’s objection.
I therefore respectfully dissent.